## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

THOMAS PHILLIP RODRIQUEZ,    :    Civil No. 3:24-cv-920

        Petitioner    :    (Judge Mariani)

    v.    :

WARDEN OF LSCI-ALLENWOOD,    :

        Respondent    :

**FILED
SCRANTON**

AUG 07 2024

PER _____ DJ _____
DEPUTY CLERK

### MEMORANDUM

Petitioner Thomas Phillip Rodriquez ("Rodriquez"), an inmate confined at the Low Security Correctional Institution, Allenwood, Pennsylvania ("LSCI-Allenwood"), initiated the above-captioned action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). Rodriquez challenges the Federal Bureau of Prisons' ("BOP") calculation of his earned time credits under the First Step Act ("FSA"), 28 C.F.R. § 523.40 *et. seq. See generally* 18 U.S.C. § 3632. For the reasons set forth below, the Court will deny the habeas petition.

## I.    Background

Rodriquez is serving a 188-month term of imprisonment imposed by the United States District Court for the Central District of California for distribution of methamphetamine. (Doc. 9-3). His sentence includes a term of supervision of five years. (*Id.*).

Rodriguez entered BOP custody on March 13, 2015. (*Id.* at p. 3). He received a 412-day credit against his federal sentence from December 10, 2013, through January 15, 2015. (*Id.* at p. 4). His full-term expiration is August 9, 2029. (*Id.*). However, with the application of good conduct time, Rodriguez's release date is projected as August 17, 2027. (*Id.*). And, with the additional application of 365 earned time credits under the First Step Act, his projected release date is August 17, 2026. (*Id.* at pp. 3-4; *see also* BOP Inmate Locator, available at: https://www.bop.gov/inmateloc/ (last accessed August 2, 2024)).

In his § 2241 petition, Rodriguez seeks an Order directing the BOP to credit him with 435 disallowed days and to recalculate his FSA time credits. (Doc. 1). Respondent argues that Rodriquez's § 2241 petition must be dismissed because he has received the maximum allowable FSA time credits towards supervised release, and he does not have a liberty interest in eligibility for pre-release custody. (Doc. 9, pp. 9-15). Alternatively, Respondent argues that the habeas petition must be denied because the BOP correctly calculated and applied Rodriquez's FSA time credits. (*Id.* at pp. 15-20). The petition is ripe for disposition and, as set forth *infra*, the Court does not reach Respondent's alternative argument.

## II.   Discussion

### A      Rodriquez has Received the Maximum Allowable First Step Act Time Credits towards Supervised Release

Rodriquez contends that the BOP refused to provide him with 435 days of First Step Act time credits towards early transfer to supervised release. (Doc. 1; Doc. 10). He alleges that the BOP improperly disallowed him FSA participation while he was in transit or in

2

holdover status from February 25, 2020, through May 5, 2021—depriving him of FSA time credits during that time. (*Id.*). In his answer, Respondent states that the BOP already applied the maximum 365 days towards early transfer to supervised release. (Doc. 9).

Under the First Step Act, federal prisoners who meet certain criteria, including engaging in recidivism reduction programs, are entitled to earn a number of good conduct credits, to a maximum of 365 days' worth, to be applied towards early supervised release. *See* 18 U.S.C. § 3632(d)(4). Specifically, the First Step Act provides that "[a] prisoner shall earn 10 days of time credits for every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities." 18 U.S.C. § 3632(d)(4)(A)(i); 28 C.F.R. § 523.42(c)(1). "A prisoner determined by the [BOP] to be at a minimum or low risk for recidivating, who, over 2 consecutive assessments, has not increased their risk of recidivism, shall earn an additional 5 days of time credits for every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities." 18 U.S.C. § 3632(d)(4)(A)(ii); 28 C.F.R. § 523.42(c)(2). The BOP may apply these time credits "toward[s] time in prerelease custody," such as residential reentry center ("RRC") or home confinement, or early transfer to supervised release, i.e., early satisfaction of an inmate's term of imprisonment. 18 U.S.C. §§ 3632(d)(4)(C), 3624(g); 28 C.F.R. § 523.44(a)(1).

More specifically, if a prisoner's sentence included a term of supervised release, the BOP "may transfer the prisoner to begin any such term of supervised release at an earlier

3

date, *not to exceed 12 months*, based on the application of time credits under [18 U.S.C. §] 3632." 18 U.S.C. § 3624(g)(3) (emphasis added). In essence, applying time credits in this manner will reduce an inmate's time spent in BOP custody. On the other hand, as to prerelease custody, federal law allows the BOP to place inmates in a RRC for up to 12 months, or home confinement for up to 6 months, prior to their date of transfer to supervised release. 18 U.S.C. § 3624(c)(1), (2).

Respondent has submitted the declaration of a BOP attorney advisor, along with Rodriquez's FSA time credit assessment. (Doc. 9-2; Doc. 9-4). These documents confirm that Rodriquez has already received the maximum amount of time credits, 365 days, towards early supervised release. (*Id.*; *see* 18 U.S.C. § 3624(g)(3)). As a result, the BOP refused to provide Rodriquez with additional days towards early supervised release because he had already received the statutory maximum. (Doc. 9-2; Doc. 9-4). Because Rodriquez has received the statutory maximum number of credits towards early supervised release, the Court must deny the habeas petition. 18 U.S.C. § 3624(g)(3).

### B.    Rodriguez does not have a Liberty Interest in Eligibility for Pre-Release Custody

Rodriguez claims that the BOP incorrectly computed his FSA time credits towards eligibility for pre-release custody. (Doc. 1). Respondent argues that because Rodriguez already received the maximum FSA time credits towards supervised release, successful adjudication of this claim would only potentially result in a FSA recalculation that may apply

any earned time credits towards eligibility for pre-release custody, which is not cognizable

by the district court under 28 U.S.C. § 2241. (Doc. 9, pp. 11-15). The Court agrees.

Rodriquez's challenge to his eligibility for pre-release custody is not cognizable in a §

2241 petition because it does not challenge the fact or duration of his imprisonment, which

is the "essence of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).

Rodriquez is challenging something other than the fact or length of his confinement. As

such, this claim is not within the core or traditional scope of habeas corpus.

In addition, it is well-established that the Constitution does not confer any right upon

an inmate to any particular custody or security classification. *Moody v. Daggett*, 429 U.S.

78, 88 (1976); *Montanye v. Haymes*, 427 U.S. 236, 242 (1976). Thus, inmates do not have

a liberty interest in retaining or receiving any particular security or custody status "[a]s long

as the conditions or degree of confinement to which the prisoner is subjected is within the

sentence imposed upon him and is not otherwise violative of the Constitution." *Montanye*,

427 U.S. at 242; *see McKune v. Lile*, 536 U.S. 24, 39 (2002) ("It is well settled that the

decision where to house inmates is at the core of prison administrators' expertise."); *Olim v.

Wakinekona*, 461 U.S. 238, 245 (1983); *Meachum v. Fano*, 427 U.S. 215, 225 (1976). The

Attorney General—and by delegation the BOP—has exclusive authority and discretion to

designate the place of an inmate's confinement.  *See Woodall v. Federal Bureau of Prisons*, 432 F.3d 235, 251 (3d Cir. 2005).[1]

Further, the First Step Act does not mandate that the BOP place prisoners in pre-release custody.  Under 18 U.S.C. § 3624(c), the BOP is authorized to consider placing an inmate in a community correctional facility for up to twelve months.  However, a prisoner is neither entitled to, nor guaranteed, such placement for any minimum amount of time.  18 U.S.C. § 3624(c).  *See Woodall*, 432 F.3d 235 at 240.  Such placement decisions are solely within the discretion of the BOP.

After reviewing Rodriquez's petition and the applicable statutes, the Court finds that the BOP has the discretion to determine if, and when, to transfer him to a RRC.  Nothing in the First Step Act entitles an inmate to any guaranteed placement in a RRC.  *See Woodall*, 432 F.3d at 244-51 ("that the BOP *may* assign a prisoner to a [halfway house] does not mean that it must.") (emphasis added); *see also Beckley v. Miner*, 125 F. App'x 385, 389 (3d Cir. 2005) (holding, "[i]t is well settled, and the parties agree, that the Bureau has nearly

_____

[1]     Rodriquez is not challenging the execution of his sentence within the exception provided for in *Woodall*.  In *Woodall*, the Third Circuit held that a prisoner could bring a § 2241 petition challenging a BOP regulation that limited placement in a Community Corrections Center because the BOP was not "carrying out" Woodall's sentence as directed.  The Court found that Woodall's claims "cross[ed] the line beyond a challenge to, for example, a garden variety prison transfer." *Woodall*, 432 F.3d at 243.  "[T]o challenge the execution of his sentence under § 2241, [an inmate] would need to allege that BOP's conduct was somehow inconsistent with a command or recommendation in the sentencing judgment." *Cardona v. Bledsoe*, 681 F.3d 533, 537 (3d Cir. 2012).  Here, Rodriquez does not allege that his FSA time credit calculation and eligibility for pre-release custody conflicts with his sentence.

exclusive jurisdiction to classify and transfer prisoners."). As such, the habeas petition must be denied.

## III.   <u>Conclusion</u>

The Court will deny the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). A separate Order shall issue.

Robert D. Mariani
United States District Judge

Dated: August 7, 2024